UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| STAFF LINE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Eric Freeman brings this case against Defendant Staff Line, Inc. ("Staff Line") seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

3. Plaintiff Eric Freeman is an adult resident of Novi, Michigan. From approximately August 2015 through January 2018, Plaintiff worked for Defendant as a recruiter. Plaintiff was not paid overtime premium compensation at a rate of one and one-half times his

regular hourly rate of pay for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

4. Defendant Staff Line is an employee recruitment, training and placement service targeting the local light industrial warehouse market. Staff Line is headquartered in Tennessee and maintains an office for its Midwest operations in Redford, Michigan.

5. At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

6. At all relevant times, Defendant has employed two or more persons, including Plaintiff, engaged in commerce as defined in § 203(s)(1)(A)(i).

7. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

8. Defendant issued paychecks to Plaintiff during his employment.

9. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

10. Defendant did not pay Plaintiff overtime compensation at a rate of one and one-half times her regular hourly rate of pay for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant as a recruiter.  Plaintiff helped recruit and place employees in unskilled labor jobs such as working in a warehouse or operating a forklift.

12. At all relevant times, Plaintiff was paid on an hourly basis.

13. Plaintiff was classified by Defendant as an exempt employee and was not paid overtime compensation at a rate of one and one-half time her regular rate of pay for hours he worked in excess of 40 in a workweek.

14. Defendant tracked Plaintiff's hours worked by requiring him to clock in and out on a company computer when he worked at Defendant's location in Redford. He also was regularly required to work off-the-clock after hours responding to job inquiries made to Staff Line through social media.

15. During the relevant time period, Plaintiff regularly worked more than 40 hours per week. He did not receive overtime premium compensation for hours he worked over 40 in a workweek.

16. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

17. Defendant acted willfully in failing to pay Plaintiff overtime compensation at a rate of one and one-half Plaintiff's regular hourly rate for hours he worked over 40 in a workweek. Defendant knew or should have known that Plaintiff was non-exempt and that he should have been paid overtime premium compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporate by reference the preceding paragraphs as if alleged fully herein.

19. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular hourly rate of pay owed to him during the three-year

period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendant's misclassification of Plaintiff as an exempt employee, and Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA, was in willful disregard of the overtime wage compensation requirements of the FLSA.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: February 27, 2018                                    Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com
*Attorney for Plaintiff*